CuRiA, per O’Neall, J.
The grounds for new trial require no comment. The ground in arrest of .judgment will be briefly considered. The declaration sets out, that the defendant falsely, maliciously, and without any reasonable or probable cause, made the information, charging the plaintiff with the commission of perjury: the issuing of the warrant, the arrest, imprisonment ánd enlargement of the plaintiff, on his recognizance to appear at the next Court of Sessions for Pickens district, to answer to the said charge, and then states, that on the 9th of October, 1837, “ the defendant not having any proof whereby to sustain the said charge made by him against the said plaintiff, the prosecution for the supposed offence aforesaid, failed, and the said plaintiff was fully and freely discharged by the said court, and then, as now, the said prosecution for the said supposed offence aforesaid, was, and is, wholly at an end.” The question here, is not, whether this declaration is as technically prepared as it might have been, but whether to entitle the plaintiff, on this verdict, to judgment, it was necessary to state in the declaration the manner in which he was discharged from the prosecution? In cases of this kind, it is, in general, advisable to set out all the proceedings had in the prosecution; but, *309 because this is more lawyer-like, and is above exception, it does not follow, that, in some cases, a general description may not suffice. In this case, the manner of the defendant’s dicharge is sufficiently set out: he was discharged by the order of the court: this is described by the words, “ the said plaintiff was fully and freely discharged by the said court.” So that, confining ourselves to this ground, we should have to conclude that, upon it, there was no doubt. But I suppose the defendant intended to contend that, the cause of action stated in the declaration, was not sufficient to entitle the plaintiff to recover. In this, however, he is mistaken. The plaintiff has stated, that a prosecution, without any reasonable or probable cause, was maliciously set on foot against him, by the defendant, which failed, for the want of proof; and that he was therefrom dischai’ged, and that it was at an end. This statement unquestionably makes out a legal cause of action. It is, according to every definition, the description of a malicious prosecution. In 2 Sel. 1060, it is said, “ the declaration must state all the material circumstances attending the malicious prosecution; and how it was disposed of.” This is done on the present occasion, in stating, 1st, the information; 2d, the warrant; 3d, the arrest and imprisonment ; 4th, the recognizance to appear and answer; 5th, the discharge by the court, and the consequent ending of the prosecution. The only circumstance omitted is, that the bill of indictment went to the grand jury, and that they ignored it. But this is immaterial; for, legally speaking, until the grand jury find the indictment, it is as if none had existed. The fact, in this respect, is sufficiently stated, by setting out that “ the defendant not having any proof whereby to sustain the said indictment, &c.; ” for the “ no bill,” by the grand jury, is in fact, saying there is no proof to sustain the charge.
Thompson & Townes, for the motion.
B. F. Perry, contra.
The motions in arrest of judgment, and for a new trial, are dismissed.
Evans, Earle, and Butler, Justices, concurred.